UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL WILSON,

        Plaintiff,                         No. C 07-5418 PJH (PR)

  vs.                                        **ORDER OF DISMISSAL**

Warden CURRY, et al.,

        Defendants.
                                     /

      This case was opened when plaintiff sent the court a document headed "Motion to Reinstate TRO/Preliminary Inunction." Although he says "reinstate," there is no reference in the document to a previous injunction, and no indication what he may have meant by that, so the clerk's treating it as an attempt to file a new case was correct.

      On the day the case was opened, the court notified plaintiff he had neither paid the filing fee nor submitted an application for leave to proceed in forma pauperis. A copy of the court's form for applications to proceed in forma pauperis was provided with the notice, along with a return envelope. Plaintiff was informed that if he did not either pay the fee or file the application within thirty days the case would be dismissed. Plaintiff did not file an application to proceed in forma pauperis, nor did he pay the fee, but he did file a "Motion for Extension of Time."

      In the motion he does not say what deadline he wants extended, but he does explain that much legal mail into and out the institution is tampered with, and that he sent an inmate appeal (grievance) to the final director's level in Sacramento but has not gotten any response. He says that he wants the extension "for the sole purpose of Sacramento doing an investigation on why is my legal mail being tampered with and find the whereabouts of

[his inmate grievance,] then I won't waste any court time or money until everything is exhausted, please consider." Because the deadline to pay the filing fee or apply for leave to proceed in forma pauperis is the only pending deadline in the case, presumably that is what he wants extended.

Plaintiff is wrong that he can administratively exhaust his claim *after* filing suit. An action must be dismissed unless the prisoner exhausted his available administrative remedies *before* he or she filed suit, even if the prisoner fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *see Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed). The court can certainly understand his wish not to incur costs until everything is exhausted, but because his case would be subject to dismissal whether or not he exhausts now, granting an extension would serve no purpose. The motion for an extension (document number 4 on the docket) is **DENIED**,

Plaintiff has failed to pay the filing fee or move for leave to proceed in forma pauperis. This case is therefore **DISMISSED** without prejudice. The clerk shall close this file.

**IT IS SO ORDERED.**

Dated: December 4, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\WILSON5418.DSIFP.wpd